# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LEE OWEN,
    Plaintiff,

v.
                                                No. 3:16 CV 1952 (WWE)

NORWALK BOARD OF EDUCATION,
    Defendant.

## MEMORANDUM OF DECISION ON SUMMARY JUDGMENT

In this action, plaintiff Lee Owen alleges that defendant Norwalk Board of Education violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act by discriminating against him on the basis of his disability and failing to provide him with reasonable accommodation for that disability. Defendant has asserted counterclaims of unjust enrichment, conversion, and money had and received based upon plaintiff's receipt of alleged overpayments.

Defendant has filed a motion for summary judgment on plaintiff's complaint and on its counterclaims. For the following reasons, the motion for summary judgment will be granted.

## A. BACKGROUND

The parties have submitted statements of undisputed facts, exhibits and affidavits. These materials reflect the following factual background.

1

Plaintiff is a former custodian employed by defendant. After he was hired in 2001, plaintiff was assigned to Ponus Ridge Middle School in 2008, where he worked until the 2013-2014 school year.

Work at Ponus Ridge

During the time that plaintiff worked at Ponus Ridge, employees had made complaints about certain comments made by plaintiff. In February 2014, Tom Fried, another employee at Ponus Ridge, complained about comments made to him by plaintiff. On February 11, 2014, plaintiff was provided with a written letter from the Principal of Ponus Ridge, Linda Sumpter, which informed him that a new complaint had been made against him.

On February 12, 2014, a meeting was held with Dr. Robert Dylewski, the Chief Human Relations Officer (interim) for the Norwalk Public Schools; Bruce Morris, defendant's Human Relations Officer; plaintiff; and his union representative, Stanley Shuler. During that meeting, the parties discussed the complaints made by the other employee, and plaintiff was given an opportunity to be heard. Plaintiff was placed on paid administrative leave following that meeting.

On March 7, 2014, the parties were scheduled to meet again to

review the results of the investigation. On March 4, 2014, plaintiff submitted a medical note excusing him from work from March 4 through March 19, 2014. Plaintiff remained out of work until April 4, 2014, when a follow-up meeting was scheduled for the parties.

Transfer

On April 4, 2014, plaintiff believed that the union and defendant were trying to force him out of his employment. In that meeting, plaintiff was informed that he was going to be moved to an open and available position at Brien McMahon High School, effective immediately, due to the numerous complaints about him at Ponus Ridge over the years.

Pursuant to a collective bargaining agreement with plaintiff's union, defendant had the authority to transfer a custodian unilaterally from one school to another, without the employee's consent.

Plaintiff was expected to report to Brien McMahon on April 7, 2014. However, defendant received a faxed a note on that day from plaintiff's physician, Dr. Lazaro Pomeraniec, indicating that plaintiff was excused from work from March 7, 2014, through April 30, 2014, for an unspecified illness. Defendant subsequently received two notes from Licensed Clinical Psychologist Dr. John Rowgowski, indicating that plaintiff was not

fit for work and would be out of work through June 30, 2014.

On May 14, 2014, Dr. Dylewski sent Owen a letter asking him to return his keys from Ponus Ridge no later than May 21, 2014; the letter informed plaintiff that he could make an appointment to pick up any personal belongings he had at Ponus Ridge.

On June 20, 2014, Dr. Dylewski sent Owen a letter confirming that on April 4, 2014, plaintiff had been transferred to Brien McMahon.

On July 11, 2014, defendant received a faxed note from Dr. Rogowski, stating that he certified that plaintiff "is considered psychologically fit to return to light duty work with less strenuous and less stressful conditions and atmosphere."  At the time he wrote that letter, Dr. Rogowski did not know that Plaintiff had been transferred to Brien McMahon.

After July 11, 2014, plaintiff neither appeared at Brien McMahon or Ponus Ridge, nor sought out Human Resources or his union to discuss a possible return to work.  As of July 11th, defendant understood that the doctor's note precluded plaintiff from returning to Ponus Ridge, which plaintiff had indicated was stressful work environment due to his ongoing disputes with other members of the staff in that school.

4

### Termination

As of July 23, 2014, plaintiff had not reported to work, had not contacted Human Resources, and had not contacted his union. Accordingly, in a letter dated July 23, 2014, Dr. Dylewski informed plaintiff that his employment was terminated effective July 31, 2014.

### Overpayment

When plaintiff went out on leave in April 2014, he had no accrued sick, vacation, or personal time. As a result, his leave should have been unpaid. However, defendant continued to pay plaintiff. By letter dated June 20, 2014, plaintiff was informed of this error, and informed that he was required to reimburse defendant for all of the pay he had received since April 5, 2014, which amount totaled $9,457.50.

In a prior school year, plaintiff had also been overpaid. He and defendant had entered into an agreement, whereby he would pay the defendant back for that overpayment by $100 from every paycheck. As of June 20, 2014, plaintiff still owed $2,086.74 from the original overpayment.

Plaintiff still has not reimbursed defendant with the $9,457.50 that he was overpaid in 2014, or the remaining amount he owed defendant for the overpayment in the prior school year. Defendant alleges that plaintiff

owes it a total of $11,544.24.

## B. DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.

Anderson, 477 U.S. at 249.

Disability Discrimination

Plaintiff has alleged that defendant failed to accommodate his asserted disability in violation of the ADA and Rehabilitation Act.

The ADA and Rehabilitation Act require employers to make a reasonable accommodation to known physical or mental limitations of an otherwise qualified individual. McBride v. Bic Consumer Mfg. Co. Inc., 583 F.3d 92, 96 (2d Cir. 2009); Valenzisi v. Stamford Bd. of Educ., 948 F. Supp. 2d 227, 240 (D. Conn. 2013). To survive a motion for summary judgment on a reasonable accommodation claim, plaintiff must show evidence for a reasonable jury to find (1) that he is disabled within the meaning of the statute; (2) that he was able to perform the essential function of the job with or without reasonable accommodation; and (3) that defendant, despite knowing of plaintiff's disability, did not reasonably accommodate plaintiff's disability. Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir. 2004) (ADA). If the employee makes such a prima facie showing, the employer must show that such an

accommodation would impose an undue hardship on its business. Tilman v. Verizon New York, Inc., 2015 WL 4603372, at *21 (E.D.N.Y. 2015).

"The ADA envisions an interactive process by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated." McBride, 583 F.3d at 100. The employer may need to initiate an informal interactive process with a qualified individual. Jackan v. New York State Dept. of Labor, 205 F.3d 562, 566 (2d Cir. 2000). The determination of what is a reasonable accommodation requires an inquiry into the benefits of the accommodation and the costs as well. Borkowski v. Valley Cent. School Dist., 63 F.3d 131, 138 (2d Cir. 1995). An accommodation is reasonable if it enables an individual with a disability who is qualified to perform the essential functions of his employment. Noll v. Int'l Business Mach. Corp., 787 F.3d 89, 94 (2d Cir. 2015). A reasonable accommodation can never involve the abrogation of the employee's responsibility for an essential function of the job. Shannon v. New York City Transit Authority, 332 F.3d 95, 100 (2d Cir. 2003). An essential function is considered to be a fundamental duty to be performed in the position rather

than a marginal function. Palmieri v. City of Hartford, 947 F. Supp. 2d 187, 202 (D. Conn. 2013). "A court must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position." Shannon, 332 F.3d at 100. Plaintiff bears the burden of production and persuasion as to the existence of a reasonable accommodation. Wenc v. New London Board of Education, 702 Fed. Appx. 27 (2d Cir. Aug. 21, 2017).

In his deposition testimony, plaintiff stated that he did not need any accommodation relevant to the work required, that he could do the job with his eyes closed, and that all he need was "for people to stop coming against me for certain type of things and let me do my job." Defendant maintains that plaintiff does not believe he needed an accommodation and cannot identify a reasonable accommodation that would have allowed him to return to his prior position after July 11, 2014. Plaintiff has provided no response to defendant's assertion that he admitted that the source of his difficulty was interacting with his co-workers and that he did not require a reasonable accommodation to perform his work.

Plaintiff has not sustained his burden to demonstrate at least an inference that a reasonable accommodation for light duty work existed at

Brien McMahon School. See Jackan, 205 F.3d at 566 ("plaintiff bears the burden of establishing that a vacancy existed into which he or she might have been transferred."). To the extent necessary, defendant provided plaintiff with a reasonable accommodation by transferring him to another school where he would not be exposed to his past co-workers.

Additionally, plaintiff complains that defendant did not engage in the interactive process to facilitate discussion of his need for accommodation. However, plaintiff failed to respond to defendant's efforts to communicate with him. Plaintiff failed to contact either defendant or his union to discuss whether his transfer satisfied his need for accommodation. Further, after plaintiff was cleared for light work by Dr. Rogowski in July, plaintiff failed to contact either defendant or his union to discuss a need for reasonable accommodation, and he never reported to work. Plaintiff could have engaged in the interactive process to discuss reasonable accommodation by responding to Dr. Dylewski's communications about his transfer. However, plaintiff failed to do so. An employer's failure to engage in the interactive process does not relieve a plaintiff of the burden to demonstrate a possible accommodation of his disability. McBride, 583 F.3d at 102. Accordingly, summary judgment is appropriate in defendant's favor.

### Disparate Treatment Based on Disability

Plaintiff has posed no opposition to defendant's argument that it is not liable for discriminatory disparate treatment. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003). Accordingly, the Court will grant the motion for summary judgment on this basis.

### Counterclaims

Plaintiff has demonstrated based on facts--not disputed by plaintiff-- that it overpaid plaintiff. Plaintiff has moved for summary judgment on the basis of unjust enrichment, conversion, and money had and received. Plaintiff has posed no opposition to defendant's assertion that it is owed $11,544.24. The Court will grant summary judgment on defendant's counterclaim of money had and received, which is an equitable action to "recover back money paid by mistake where the payor is free from any moral or legal obligation to make the payment and the payee in good conscience has no right to retain it." Bridgeport Hydraulic Co. v. Bridgeport, 103 Conn. 249, 261-62 (1925). In the alternative, the Court

will grant summary judgment in defendant's favor on its counterclaims of unjust enrichment and conversion.

## C. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. #17] is GRANTED.

Defendant is instructed to confer with plaintiff to develop a reasonable payment plan for the reimbursement in the amount of $11,544.24. Within thirty days of the ruling, defendant should e-file a proposed order setting forth a payment plan for plaintiff to make the reimbursement payments. The clerk is instructed to close this case.

Dated this 11th day of October, 2018, at Bridgeport, Connecticut.

<u>/s/Warren W. Eginton</u>
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE